IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**KIMBERLIN JACKSON,**                                      **PLAINTIFF,**

**VS.**                                          **CIVIL ACTION NO. 4:09CV028-P-S**

**CORRECTIONS CORPORATION OF
AMERICA d/b/a DELTA CORRECTIONAL
FACILITY; MARTHA MAGGITT; and
DANNY SCOTT,**                                           **DEFENDANTS.**

## FINAL JUDGMENT

This matter comes before the court upon the defendants' December 22, 2009 Motion to Dismiss with Prejudice for Failure to Prosecute, or Alternatively, for Summary Judgment Based Upon Plaintiff's Failure to Respond to Requests for Admissions [19]. After due consideration of the motion, the court finds as follows, to-wit:

The plaintiff filed the instant action in the Circuit Court of Leflore County on February 13, 2009. The defendants removed the action to federal court on March 20, 2009. On November 17, 2009 the Court entered an Order allowing the plaintiff's counsel to withdraw and gave the plaintiff 20 days, or by December 7, 2009, to notify the Court in writing of the name of her new attorney or of her intention to proceed *pro se*. The Order also stated: "Plaintiff is warned that should she fail to comply with this order, it will be deemed a failure to prosecute this lawsuit, and the case may be dismissed with prejudice."

Since the court's November 17, 2009 Order, the court has received no communication from the plaintiff. It has been well over a year since the plaintiff's December 7, 2009 deadline passed to inform the court of whether she intended to proceed *pro se* or the name of her new attorney.

Federal Rule of Civil Procedure 41(b) states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

The court concludes that the record clearly reflects that the plaintiff has failed to prosecute this action. Even before her counsel withdrew over a year ago, it remains undisputed that the plaintiff did not comply with discovery rules. It is also undisputed that the plaintiff failed to comply with this court's November 17, 2009 Order requiring her to inform the court of her intent to proceed *pro se* or to have a new lawyer appear on her behalf by December 7, 2009. As stated previously, over a year has passed since the deadline and neither the court nor the defendants has received communication from the plaintiff.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The defendants' December 22, 2009 Motion to Dismiss with Prejudice for Failure to Prosecute, or Alternatively, for Summary Judgment Based Upon Plaintiff's Failure to Respond to Requests for Admissions [19] is **GRANTED**; accordingly,

(2) The plaintiff claims are **DISMISSED WITH PREJUDICE**; and

(3) This case is **CLOSED** with the parties to bear their own costs.

**SO ORDERED** this the 5th day of February, A.D., 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE